# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**STEPHEN BILL WOLFE,**           )
                                  )
       Petitioner,          )
                                  )
v.                                )      **Case No. CIV 05-137-FHS**
                                  )
**WALTER N. DINWIDDIE, Warden,**  )
                                  )
       Respondent.          )

## ORDER

This action is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center, in Lexington, Oklahoma, attacks his sentence in Creek County District Court Case Number DCF-01-86 for Assault and Battery with a Deadly Weapon (Count 1) and Assault and Battery with a Dangerous Weapon (Count 2). He raises one ground for relief:

> The sentence I was serving was unlawful and illegal and therefore could not be revocated [sic] / should have been dismissed.

The respondent has filed a motion to dismiss, alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on July 8, 2002, petitioner entered a plea of guilty in Creek County District Court Case Number DCF-01-86. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his conviction became final on July 18, 2002, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. On April 28, 2004, petitioner's suspended sentence was revoked, and on May 6, 2004, petitioner filed a notice of intent to appeal the revocation. The Oklahoma Court of Criminal Appeals affirmed the revocation on February 24, 2005. *Wolfe v. State*, No. RE-2004-490 (Okla. Crim. App. Feb. 24, 2005). This habeas petition was filed on April 1, 2005.

Under § 2254(d)(1)(A) petitioner had one year from the date his conviction became final, or until July 18, 2003, to file a federal habeas petition. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). Because petitioner did not initiate any post-conviction

proceedings, there is no tolling. His appeal of the revocation of his suspended sentence was filed after the statutory deadline, so it did not affect the limitations calculation. Petitioner's habeas petition, filed on April 1, 2005, therefore, was untimely.[1]

**ACCORDINGLY,** respondent's motion to dismiss time barred petition is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 28th day of March 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[1] The court notes the habeas petition is dated March 30, 2005. However, even if the petition were deemed to have been "filed" on that date, pursuant to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), it still is untimely.